IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02384-JLK-MEH

LINDA LEVINGS,

Plaintiff,

v.

INTERSTATE DISTRIBUTOR COMPANY,

Defendant.

---

**ORDER DENYING MOTION FOR REMAND**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Plaintiff's Motion to Remand to Denver County District Court [filed October 25, 2010; docket #7] and Plaintiff's Motion to Vacate and/or Reschedule the Scheduling Conference [filed December 3, 2010; docket #12]. The matters are referred to this Court for disposition. (Docket #8.) The motion are fully briefed, and oral argument would not assist the Court in their adjudication. For the following reasons, the Court **denies** Plaintiff's motions.

## I. Background

Plaintiff initiated this action in the District Court for the City and County of Denver, Colorado on September 13, 2010, alleging generally that Defendant's agent negligently caused injuries to her hand from a conveyor belt. (*See* docket #1-4.) Plaintiff seeks general damages, economic damages, statutory and necessary costs, and interest. With the filing of her complaint, Plaintiff filed a Civil Cover Sheet denoting that the "Simplified Procedure under C.R.C.P. 16.1 does not apply to this case because ... This party is seeking a monetary judgment for more than $100,000.00 against another party, including attorney fees, penalties or punitive damages, but

excluding interest and costs ...” (Docket #1-3 at 2.)

Defendant removed this case to federal court on September 29, 2010, asserting diversity jurisdiction pursuant to an amount in controversy that “exceeds the sum or value of $75,000.00, exclusive of interest and costs” and diversity of citizenship between Plaintiff, a citizen of the State of Colorado, and Defendant, a citizen of the State of Washington. (Docket #1 at ¶ 8.) For the amount in controversy,[1] Defendant relies upon an oral statement made by Plaintiff’s counsel to Defendant’s counsel that he will be seeking damages in excess of $75,000.00 for Plaintiff’s claim. (*Id*. at ¶ 7.)

In her motion for remand, Plaintiff asserts this matter lacks proof of an adequate amount in controversy. (*See* docket #7 at ¶ 2.) Defendant counters, claiming that it has met the $75,000.00 threshold. For the following reasons, the Court agrees with Defendant.

## II. Legal Standard

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. “The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states.” *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citation omitted). The presumption is therefore “against removal jurisdiction.” *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). As the party invoking federal court jurisdiction, Defendant bears the burden of establishing that the requirements of diversity jurisdiction are present by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). “Both the requisite amount in controversy and the existence

[1]The diversity of citizens prong is not disputed in this matter.

of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *see also Laughlin*, 50 F.3d at 873 ("[T]here is a presumption against removal jurisdiction.").

**III. Analysis**

"Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)); *Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296, 1298 (D. Colo. 2009). "[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play." *McPhail*, 529 F.3d at 955 (emphasis in original). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.*

Plaintiff cites to three unpublished cases from this District[2] asserting that the facts and analyses of the cases are the same or similar to this case and, thus, this Court must rule in accordance with these decisions granting remand. Docket #7 at 1-2. The Court disagrees. All three cases find that a defendant's sole reliance on statements made in a civil cover sheet to establish the amount in controversy is improper. Defendant in this case asserts no reliance on the civil cover sheet, but rather, he relies on a statement made by Plaintiff's prior counsel, John Tannous, in response to a

[2] *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007); *Morales v. Allstate Prop. & Cas. Ins. Co.*, No. 07-cv-02500-MSK-BNB, 2008 WL 54924, *1 (D. Colo. Jan. 3, 2008); *Asbury v. American Family Mutual Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, *2 (D. Colo. Feb. 9, 2009).

request for a settlement demand that Mr. Tannous believes the case to be worth more than $100,000.00. *See* dockets ##1, 11, 11-1.

Plaintiff contends that Tannous did not represent to defense counsel that the amount in controversy exceeds $75,000. Docket #7 at ¶ 5. Instead, Plaintiff states that defense counsel contacted Tannous requesting a demand and asked whether the demand would be "for less than $100,000.00." *Id.* Tannous replied that he was unsure due to a lack of information regarding Plaintiff's workers' compensation claim and lost wages. *Id.*

Defendant responds that Plaintiff's assertions are nothing more than unsupported arguments made by his counsel in the briefing. Defendant provides an affidavit of its counsel, Stephen Baity, in which Mr. Baity attests that he had a conversation with Tannous concerning a demand and, in response to his question whether Tannous believed the case to be worth more than $100,000.00, Tannous "unambiguously answered yes." Docket #11-1 at ¶ 2. Plaintiff did not file a reply brief or provide an affidavit or other evidence rebutting Baity's statement.

The Court is permitted to incorporate Plaintiff's counsel's statement concerning a settlement demand into its analysis. In *McPhail*, the Tenth Circuit directly addressed the use of conversations concerning the value of a case in the determination of an amount in controversy for jurisdictional purposes. 529 F.3d at 956. The *McPhail* Court agreed with a Ninth Circuit holding that "it is permissible for a district court to consider settlement offers when deciding the jurisdictional question." *Id.* (citation omitted). The Tenth Circuit, distinguishing the use of an offer of settlement contemplated by Fed. R. Evid. 408 from the use of such offer in determining an amount in controversy, stated that "[t]he amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id.*

With these principles in mind, the Court finds that Defendant has affirmatively established jurisdiction by proving facts, through defense counsel's unrebutted affidavit, that make it possible that the amount in controversy in this case exceeds $75,000.00. Tannous' stated belief that the case is worth more than $100,000.00 simply estimates the amount that will be put at issue in the course of the litigation.

The Court further finds that Plaintiff's valuation of the case is relevant evidence of the amount in controversy, as it reflects a reasonable estimate of the Plaintiff's claim. *McPhail*, 529 F.3d at 956. Although she alleges only one claim for relief for negligence in her complaint, Plaintiff alleges losses in the form of "medical bills, physician bills, rehabilitation and therapy bills, and medication expenses, loss of wages, and lost earning capacity, disability, impairment and other damages and expenses." Docket #1-4 at ¶ 14. Plaintiff contends that such losses are continuing to accrue and will accrue "far into the future, if not for the balance of her natural life." *Id.* Such allegations present a combination of facts and a theory of recovery that may support a claim in excess of $75,000.00. *See McPhail*, 529 F.3d at 955.

In light of the foregoing, the Court concludes the Defendant has proved jurisdictional facts making it possible that $75,000.00 is in controversy here, and Defendant permissibly removed this action from state court.

**IV. Conclusion**

Accordingly, for the reasons stated above and the considering the entire record herein, the Court **DENIES** Plaintiff's Motion to Remand to Denver County District Court [filed October 25, 2010; docket #7].

In addition, Plaintiff's Motion to Vacate and/or Reschedule the Scheduling Conference [filed December 3, 2010; docket #12], seeking to vacate the December 14, 2010 Scheduling Conference

pending a ruling the on the motion to remand, is **denied as moot**. The parties shall filed a proposed Scheduling Order on or before December 10, 2010.

Dated at Denver, Colorado, this 7th day of December, 2010.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge